UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIC MARINO,

                              Plaintiff,

v.                                                Civil Action No. _____

HOGANWILLIG, PLLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Dominic Marino, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, HoganWillig, PLLC, (hereinafter "Hogan") is a domestic professional limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Harlem Anesthesia. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Harlem Anesthesia to collect on the subject debt.

13. That on September 10, 2010, Plaintiff sent Defendant, via certified mail, a dispute and cease and desist letter together with a copy of his cancelled check evidencing payment in full satisfaction of the subject debt to Harlem Anesthesia.

14. That despite Defendant's receipt of the Plaintiff's cease and desist and dispute letter, Defendant continued to contact the Plaintiff via correspondence dated September 15, 2010, October 8, 2010 and October 29, 2010 in an attempt to collect the subject debt.

15. That Defendant's collection letter dated October 8, 2010 states that they are sending this "final letter" in a good faith effort to collect the subject debt. Despite this assertion, Defendant continued to send additional correspondence to the Plaintiff in an attempt to collect the subject debt.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e(5) by continuing to attempt to collect the subject debt despite being provided proof of full satisfaction of the subject debt by the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10) by continuing to send correspondence to the Plaintiff despite the Defendant's prior assertion that that their October 8, 2010 would be the final letter sent to the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692c(c) by continuing to contact the Plaintiff after receiving Plaintiff's cease and desist letter dated September 10, 2010.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 24, 2011

    /s/ Seth J. Andrews_____
    Kenneth R. Hiller, Esq.
    Seth J. Andrews, Esq.
    Law Offices of Kenneth Hiller, PLLC
    *Attorneys for the Plaintiff*
    6000 North Bailey Ave., Suite 1A
    Amherst, NY 14226
    (716) 564-3288
    Email: khiller@kennethhiller.com
           sandrews@kennethhiller.com