**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DOMINIC MARINO,**

                              **Plaintiff,**                    **11-CV-453S(Sr)**

**v.**

**HOGAN WILLIG, PLLC,**

                              **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #5.

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 *et seq*., alleging that defendant continued to attempt to collect a debt after receiving plaintiff's cease and desist letter dated September 10, 2010 and that defendant continued to attempt to collect a debt after informing plaintiff that it's letter dated October 8, 2010 would be its "final letter."  Dkt. #1, ¶¶ 13-15.

Currently before the Court is plaintiff's motion to compel defendant to appear for deposition and for a protective order allowing plaintiff to withhold responses

to defendant's discovery demands and appearance at deposition until depositions of

defendant have been completed, as well as a request for attorney's fees with respect to

the cost of this motion (Dkt. #38), and defendant's cross motion for a protective order

limiting the scope of defendant's designated corporate representative's deposition

testimony to matters alleged in plaintiff's complaint; precluding plaintiff from including

plaintiff's response to defendant's request for admission in his request for a stay of

discovery; and compelling plaintiff to respond to defendant's discovery demands prior to

the date of defendant's depositions, as well as a request for attorney's fees with respect

to the cost of this motion.  Dkt. #40.


## FACTUAL BACKGROUND

By e-mail dated December 20, 2012, plaintiff's counsel advised that he

intended to serve deposition notices and inquired as to the availability of witnesses on

January 28, 29, 30 and 31.  Dkt. #38-4.  Receiving no response, on December 21,

2012, plaintiff's counsel served deposition notices for January 29, 2013.  Dkt. #38-5.


By e-mail dated January 10, 2013, defendant advised of availability to

conduct depositions on January 28, 2013 and requested that they be conducted in their

office.  Dkt. #38-6.  Plaintiff's counsel advised that he was not available on January 28,

2013 and proposed January 30th or 31st if the dated noticed on the depositions was not

workable.  Dkt. #38-6.  In response, defendant advised that counsel was scheduled for

a trial that week and requested an extension of the Case Management Order, which set

a January 31, 2013 deadline for completion of discovery.  Dkt. ##34 & 38-6.  Plaintiff's

counsel agreed to allow defendant to request the extension and requested dates for

deposition in February.  Dkt. #38-6.  In response to defendant's proposed dates,

plaintiff's counsel confirmed February 8, 2013 for depositions of defendant's

representatives.  Dkt. #38-6.

By Notice of Deposition dated January 15, 2013, defendant sought to

depose plaintiff on February 8, 2013.  Dkt. #38-8.  By e-mail dated January 17, 2013,

plaintiff's counsel advised that

> As Plaintiff noticed Defendant prior to this notice, Plaintiff
> has priority and therefore the Defendant's deposition will
> occur before the Plaintiff's.  As there is going to be at least
> two individuals deposed that day on behalf of the Defendant,
> and maybe more, I don't think that there is going to be
> sufficient time to conduct my client's deposition on the same
> day.  Please advise as to an alternative date for my client's
> deposition.

Dkt. #38-9.  In response, defendant requested plaintiff's availability during the week of

February 18, 2013.  Dkt. #38-9.

On January 18, 2013, defendant served a Request for Admissions;

Request for Production of Documents; and Interrogatories upon plaintiff.  Dkt. #38-10.

By e-mail dated January 24, 2013, plaintiff's counsel confirmed plaintiff's

deposition on February 20, 2013.  Dkt. #38-9.

By Text Order entered January 29, 2013, the Court granted defendant's

motion to extend the deadline for completion of discovery to March 29, 2013.  Dkt. #37.

By e-mail dated February 5, 2013, plaintiff's counsel inquired who would

be defendant's 30(b)(6) witness at deposition.  Dkt. #38-11.  By letter dated February 6,

2013, defendant advised plaintiff's counsel that

> Defendant's discovery demands were served on your office
> by hand delivery on January 18, 2013.  Plaintiff's responses
> have not yet been received.  Please be advised that we are
> unable to go forward with Defendant's deposition until such
> time as we have received Plaintiff's discovery responses.
> Consequently, we will not be producing any witnesses on
> Friday, February 8, 2013.
>
> Assuming, however, that your office timely responds to
> Defendant's discovery demands, please be advised that I
> am willing to switch out February 20, 2013 for Defendant's
> deposition and offer the following dates for completing all
> remaining depositions . . . .

Dkt. #38-12.  By letter dated February 7, 2013, plaintiff's counsel responded as follows:

> The fact that Defendant has not received Plaintiff's discovery
> responses does not provide you with grounds to withhold
> producing Defendant's witnesses.  The deposition notices
> originally set January 29, 2013 as the date for Defendant's
> depositions.  As a courtesy, my office rescheduled the
> original date indicated on those notices to February 8, 2013.
>
> This date was confirmed and agreed upon by your office on
> January 15, 2013 . . .. Now less than 48 hours before the
> Defendant's depositions, you send a letter indicating that
> you will not produce any witness since you have not
> received Plaintiff's responses to Defendant's discovery
> demands.  This is not a valid reason to withhold producing
> the noticed witnesses. . . . Furthermore, Plaintiff's discovery
> responses are not yet even due until February 17, 2013,
> nearly two weeks from when Defendant's depositions are
> scheduled.

Dkt. #38-13.

By letter to plaintiff's counsel dated February 13, 2013, defendant

enclosed

a Stipulation and Agreement limiting the scope of the
deposition testimony of Defendant's designated corporate
representative.  Please review the Stipulation and
Agreement and contact our office to discuss any objections
you may have to its content or to limiting such deposition to
fall within the confines of the allegations of the complaint
and with consideration to the fact that HoganWillig is a law
firm, not a debt collection agency.

* * *

Finally, we continue to reserve February 20, 2013, for the
depositions of Defendant's representatives, and most, if not
all, of the March dates for the remaining depositions as well.

Dkt. #40-23.


By e-mail dated February 15, 2013, plaintiff's counsel inquired whether

defendant would "reschedule its deposition for a mutually agreeable date on the

condition that 1) Plaintiff will not produce his discovery responses until after the

completion of all the defendant's depositions and 2) Plaintiff's deposition will be

reschedule[d] for a mutually agreed upon time sometime after the Defendant's

depositions."  Dkt. #40-25.  In the absence of agreement by defendant, plaintiff's

counsel advised defendant that plaintiff would file a motion to compel including seeking

fees and would seek a protective order regarding plaintiff's responses to defendant's

discovery demands.  Dkt. #40-25.  By e-mail later that day, defendant responded in the

negative, proposing that it would "reschedule the Defendant's depositions provided that

Plaintiff produces his discovery responses beforehand and then reschedule Plaintiff's

depositions thereafter."  Dkt. #40-25.


Plaintiff's motion to compel was filed on February 18, 2013.  Dkt. #38.

**DISCUSSION AND ANALYSIS**

Plaintiff argues that defendant should not be permitted to delay scheduled depositions to accommodate its own failure to timely serve discovery demands and opposes defendant's motion for a protective order regarding the scope of the deposition of defendant's corporate representative as untimely. Dkt. ##38-1, ¶ 26 & 42, ¶ 24.

Defendant responds that "[i]t was not unreasonable for Defendant to obtain Plaintiff's discovery responses prior to depositions being conducted" and argues that plaintiff's motion is untimely and his time to respond to defendant's request for admissions has passed.  Dkt. #40, p.9.  Defendant also argues that it is entitled to a protective order limiting the scope of the testimony of its representatives to the matters alleged in plaintiff's complaint because the testimony sought from defendant, as set forth in plaintiff's deposition notice, is largely "irrelevant, beyond the scope of the allegations in the complaint, vague, request privileged and confidential (attorney/client) information, as well as business, trade secret, and confidential firm information, . . . none of which will lead to the discovery of admissible evidence."  Dkt. #40, p.20.

As an initial matter, the Court notes that, contrary to defendant's arguments, plaintiff's motion is timely in that it was filed prior to the February 19, 2013 deadline for plaintiff's response to defendant's discovery demands.  *See* Fed. R. Civ. P. 6 (a) (computation of time excludes date of service of discovery demands and, when the last day of the period is a Sunday or legal holiday continues to run until the end of the next day which is not a Sunday or legal holiday);  Fed. R. Civ. P. 33(b)(2) (responding party must serve its answers and any objections within 30 days after being

served with the interrogatories); *and* Fed. R. Civ. P. 34(b)(2)(A) (party to whom the request for documents is served must respond in writing within 30 days of being served).  Moreover, contrary to defendant's arguments, the February 19, 2013 deadline also applies to plaintiff's response to defendant's Request for Admissions. *See* Fed. R. Civ. P. 36 ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

In contrast, defendant's motion for a protective order limiting the scope of the deposition of defendant's 30(b)(6) witness is untimely.  *See U.S. v. Int'l Bus. Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978) (refusing to entertain motion for a protective order because "motions under Rule 26(c) must be served before the date set for production."); 8A Wright and Miller, *Federal Practice & Procedure* § 2035 (3d ed. 2013) ("At least with regard to depositions, the order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later, but such stringency should not be applied if there was no opportunity to move for a protective order.").  Plaintiff's deposition notice to the corporate representative setting forth the proposed scope of the deposition was served on December 21, 2012, yet defendant made no objection to its scope prior to the scheduled date for the deposition.  Accordingly, the Court will permit the deposition of defendant's corporate representative to proceed without review of plaintiff's proposed areas of inquiry.

Defendant's last minute refusal to proceed with scheduled depositions of its representatives so as to accommodate it's failure to serve discovery demands upon plaintiff in a timely fashion will not be countenanced.  Plaintiff's counsel was accommodating of defendant's proffered dates for depositions and agreed to an extension of the case management order's deadline for completion of discovery, yet defendant waited four weeks from receipt of plaintiff's deposition notices to serve discovery demands on plaintiff only three weeks prior to the scheduled depositions. The Court will not afford defendant relief from circumstances created by its own lack of vigilance.  Therefore, depositions of defendant's representatives shall be conducted within thirty days of the entry of this order; plaintiff's responses to defendant's discovery demands shall be served no later than two weeks after completion of depositions of defendant's representatives; and plaintiff's deposition shall be conducted within thirty days of service of plaintiff's discovery responses.  Furthermore, in accordance with Rule 37(d) of the Federal Rules of Civil Procedure, defendant shall pay plaintiff the reasonable expenses, including attorney's fees for the instant motion, caused by the failure of defendant's representatives to appear for deposition as scheduled.


**SO ORDERED.**


DATED:      Buffalo, New York
            August 5, 2013


                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**